## In re COPEMAN.

### Patent Appeal No. 3673.

Court of Customs and Patent Appeals.
Nov. 30, 1936.

Bacon & Thomas, of Washington, D. C., and Barnes, Kisselle & Laughlin, of Detroit, Mich. (Francis D. Thomas, of Washington, D. C., and John M. Kisselle, of Detroit, Mich., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of an Examiner denying the patentability of claims 1, 2, 3, 6, 7, 9, 10, 15, 16, 17, in appellant's application for a patent upon an article and upon the method of showing and dispensing same. The article is described, in claim 1, as: "A confectionary product including a molded, solid, frozen confection within a toy balloon dispensing container."

Claim 15 is illustrative of the method claims: "The method of storing and dispensing frozen substances, which consists in freezing the substance into a predetermined shape, stretching an elastic container, inserting the frozen substance within the stretched container, and then allowing the container to collapse around the frozen substance to substantially enclose the same."

Claims 3 and 7 seem to be restricted to a pliable container capable of being rolled back from the confection. Claim 3 is illustrative of these: "A frozen confectionary product including a molded frozen confection substantially encased in a unitary container of quite pliable heat insulating material, said container being capable of being rolled back from said frozen confection without rupturing said container."

The frozen confection referred to is usually ice cream, or the like, and, while some of the claims seem to be broad enough to cover freezing the product in the container, it is explained in the specification that ordinarily the confection is first frozen into a predetermined shape and then inserted into the rubber container, the mouth of which is stretched to admit the frozen confection, and that the container, after the admission of the confection, collapses around it. The person eating the confection gradually, or "progressively," rolls back the container from its opening or mouth, and after the confection has been eaten the container is left in the form of a toy balloon.

A number of references were cited, but those actually relied upon by the examiner seem to have been: Lustig, 797,775, August 22, 1905; McCurdy, 1,190,181, July 4, 1916; Burt, 1,470,524, October 9, 1923; Goewey, 1,826,930, October 13, 1931; Warrick (Br.), 16,258, of 1900.

Claims 1 to 3, 6, 7, 9, and 10 (the product claims) were rejected by the Examiner on either Lustig or McCurdy in view of Warrick, and 15 to 17 (the method claims) "on McCurdy, Burt, Lustig in view of Warrick when taken with the disclosure of Goewey."

The decisions of the Board (a second decision having been written upon a petition for rehearing as to claims 3 and 7) mention specifically only the Burt, Lustig, and Warrick patents, but the others are not overruled. Warrick seemingly was regarded by the Board as the principal reference.

The patent to Warrick is a British patent, entitled "Receptacle for Soap in Paste and for Toilet Pastes." His container is described as being "made of flexible india rubber of any suitable shape & provided with a suitable opening. A simple form is that of the toy india rubber balloon.

"* * *" The soap, or other preparation, "of a pasty consistency," is ejected from the container by squeezing or pressing the container. In other words, the patentee substituted flexible rubber containers for collapsible tin tubes.

The patent to Lustig is for a "Water-Ice and Ice-Cream Cartridge" and discloses a holder or container in the form of a "compressible cartridge or capsule" closed at one end and having an opening at the other end approximating in size the size of the closed end, the cartridge being formed "of any heat-conducting material—such as heavy tin foil, soft gelatin, sheet-lead. * * *" In use the holder is compressed by hand, and it is taught that the warmth of the hand softens the contents of the holder.

Burt's patent is for a process of making frozen confections, and discloses, as stated by the Examiner, "the forming of a solid block of confection material over which is placed a distended sack of waxed or glazed paper to act as a covering for the frozen confection." The confection seems to be, as appellant at one place in the record describes it, "the well-known frozen ice cream on a stick" with a paper envelope around it.

The patent to McCurdy discloses the placing of an ice cream mix in a rubber bag and freezing it in the bag, kneading the freezing mixture as desired.

Goewey shows a method of applying a cap to a bottle by distorting a gelatin or viscose capsule, thrusting a stopped bottle into it and then permitting the capsule to shrink into the bottle so as to cap and close it.

In view of the teachings of the prior art, the tribunals of the Patent Office were of the opinion that no invention was present in the novelty which constitutes appellant's product and that the method described does not constitute invention.

Appellant has failed to convince us that there was error in such finding.

It may be conceded that the product is novel and that the prior art, so far as presented here, discloses nothing just like it, but when such art is combined, as reasonably it may be, it seems to us that nothing more than mechanical skill was required to put the frozen confection into the toy balloon, nor can we discern any invention in the limitation defined in claims such as 3 and 7, relating to capability of the container being progressively rolled back from its open to its closed end as the confection is being eaten. The capability so referred to is inherent in the article used as a container. Neither, in our opinion, does the fact that, after the confection is eaten, the toy balloon remains ready for use as such, lend patentability.

The decision of the Board of Appeals is affirmed.

Affirmed.